IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUDIA ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-119 |
| | ) | |
| VINEBROOK HOME, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Earlier this summer, Plaintiff removed a dispossessory action filed against her by Vinebrook Home ("Vinebrook") in the Magistrate Court of Richmond County. See Civil Action Number 123-068 ("CV 123-068"). Ms. Elliot claimed federal question jurisdiction because Vinebrook allegedly violated her Fourteenth Amendment due process rights and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Id., doc. no. 1, pp. 1-4. Ms. Elliot, however, did not state any amount in controversy and provided Georgia addresses for herself and Vinebrook. Id. On July 11, 2023, the Court remanded the case for lack of subject matter jurisdiction. Id., doc. nos. 6, 10.

Undeterred, Ms. Elliot filed the current case on August 23, 2023, alleging Vinebrook is "rapidly moving to conduct the writ of possession on the disputed property" and requesting an injunction to stop the eviction. (Doc. no. 1, p. 1.) She cites the Uniform Commercial Code ("UCC") as the basis for federal jurisdiction without alleging an amount in controversy, and again provides Georgia addresses for herself and Vinebrook. (Id. at 1-2.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

As the Court previously discussed in CV 123-068, Plaintiff has not pled the necessary facts for federal jurisdiction. No federal statute applies to invoke federal question jurisdiction. Rather, "[t]his is a tenant-eviction case that doesn't belong in federal court." Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022). Courts within the Eleventh Circuit routinely remand eviction cases as they state no federal claim. See, e.g., id.; Daley Realestate v. Bester, No. CV422-267, 2022 WL

18276705, at *3 (S.D. Ga. Nov. 16, 2022), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12, 2023); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822 *3 (N.D. Fla. Mar. 18, 2020), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020).

Moreover, the UCC does not provide a basis for federal jurisdiction. Serenade Apartments v. Raye, No. 1:14-CV-03263-AT-LTW, 2014 12860878, at *n.4 (N.D. Ga. Oct. 22, 2014) ("The Uniform Commercial Code does not provide a basis for federal question jurisdiction."); Chase Home Finance, LLC v. Mungaro, No. 1:05-cv-3082, 2005 WL 3334451, at *1-2 (N.D. Ga. Dec. 8, 2005) (finding no federal question jurisdiction where defendant claimed federal question jurisdiction based on UCC). Plaintiff has not pled diversity of citizenship and it is obvious there is no such jurisdiction. She lists Georgia addresses for herself and Defendant, and she has not shown the amount in controversy exceeds the $75,000 threshold. (Doc. no. 1, pp. 1-2.)

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), this case be **DISMISSED** for lack of subject matter jurisdiction, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 31st day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA